# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3877

_____

United States of America,      *
     *
        Appellee,      *    Appeal from the United States
     *    District Court for the Southern
     v.      *    District of Iowa.
     *
Calvin Jerome Lacey,      *       [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: March 14, 2006
Filed: March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

During the investigation of a hit and run accident involving a rental vehicle, Robert Walker, the person who rented the car, stated he had loaned the car to a drug dealer in exchange for drugs. At the direction of police, Walker arranged to meet the dealer to purchase crack cocaine. When the dealer arrived, police converged on the area and the dealer fled. During a high-speed chase, the dealer sideswiped an officer's vehicle, committed several traffic violations, and eventually collided with a bus. The dealer fled on foot, and an officer saw him pull a small, black object from his pocket. When the dealer was finally caught, he was identified as Calvin Jerome Lacey. Officers found a black case and a razor blade with a white residue in the area of Lacey's apprehension. Officers also looked through the window of Lacey's car and

saw clear bags containing white rocks that appeared to be illegal drugs lying on the front seats. The bags were seized and field tests indicated the substance in the bags was cocaine.

During an interview with police, Walker stated he had bought crack cocaine from Lacey over the past six to seven months. Walker also said he had been to Lacey's apartment, and he showed the police where it was located. After confirming with the apartment manager that Lacey lived in the building, police prepared an application for a search warrant. The application included information about the vehicle pursuit, foot chase, and the field test results of the substance found in the car Lacey was driving. The application explained there were twelve grams of crack cocaine in one bag and nine grams in the other bag, quantities consistent with distribution. The application also set out an officer's drug training and his testimony that he wanted to search Lacey's residence because it is common for persons who distribute illegal drugs to keep items associated with the distribution in their residence. Based on the application, police obtained a search warrant for Lacey's apartment. During the search, police seized marijuana, crack cocaine from Lacey's jacket, a box of plastic baggies, and a plastic baggie with the corner cut off.

The Government charged Lacey with possession with intent to distribute crack cocaine. After the district court[*] denied Lacey's motion to suppress, the case proceeded to trial and a jury convicted him. The court sentenced Lacey to 130 months in prison.

On appeal, Lacey argues the discovery of drugs in his car did not provide probable cause for issuance of the warrant to search his home. We disagree. The warrant application included information about the car and foot chases, the large

_____

[*]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

quantity of crack cocaine found in Lacey's vehicle immediately after the pursuit, finding Lacey's residence, and the experienced narcotics officer's statement that drug distributors often store distribution items at their homes. This information provided probable cause for issuance of the warrant to search Lacey's apartment. See United States v. Walker, 324 F.3d 1032, 1038 (8th Cir. 2003); United States v. Searcy, 181 F.3d 975, 981 (8th Cir. 1999). Even if the application did not support a finding of probable cause, the officers who executed the search warrant acted in good faith in relying on the magistrate judge's determination of probable cause. See United States v. Riedesel, 987 F.2d 1383, 1391 (8th Cir. 1993).

We thus conclude the district court properly denied Lacey's motion to suppress the evidence seized from his apartment. In any event, even if admission of the evidence was improper, the error was harmless beyond a reasonable doubt because the remaining evidence at trial was sufficient to support Lacey's conviction for possession with intent to distribute crack cocaine, most of which was found in the car Lacey had been driving immediately after he fled. See United States v. Blackman, 897 F.2d 309, 315 (8th Cir. 1990).

Accordingly, we affirm.

_____